**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

STUART SHOWALTER, )
 )
         Plaintiff, )
  vs. ) No. 1:08-cv-01283-SEB-MJD
 )
JEFF WOODARD, et al., )
 )
         Defendants. )

## Entry Discussing Motion for Summary Judgment as to Claims Against Jeff Woodard and Duane Lewellen

For the reasons explained in this Entry, the motion for summary judgment of defendants Jeff Woodard and Duana Lewellen (dkt 42) must be **granted.**

### I. Background

The claims remaining in this civil rights suit brought by Stuart Showalter ("Showalter") are those asserted against Town of Thorntown Marshal Jeff Woodard and Town of Thorntown Deputy Marshal Duane Lewellen. These defendants seek resolution of the claims against them through the entry of summary judgment. Showalter opposes that resolution.

As noted and applied with respect to resolving the claims of certain other defendants, the present motion for summary judgment must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(e), the following facts are undisputed for purposes of the defendant's motion for summary judgment:

- On September 1, 2006, Marshal Woodward, issued a citation to Showalter for a violation of the town's nuisance ordinance. The citation alleged the existence of rank vegetation and "building materials near the road" in Showalter's yard.

- On September 23, 2006, Showalter erected a display in the front yard of his residence. The display consisted of a fiberglass boat shell, three toilets and a sign that read "Thorntown Town Council meets here because they are full of sh . . . ."

- The display appeared on the weekend of Thorntown's town festival, during which thousands of visitors came into town.

- During the evening of September 23, 2006, Deputy Marshal Lewellen approached Showalter and asked, but did not demand, him to remove the sign as a favor because people were complaining. Lewellen also told Showalter that Showalter had the right to have the sign there.

- Showalter did not remove the display. The following day, Marshal Woodard issued two additional citations to Showalter for violation of Thorntown's nuisance ordinance. Citation 3387 alleged that Showalter's sign endangered the public by being too close to the sidewalk and citation 3388 alleged that the boat constituted a rat harborage. All three citations were eventually docketed in the Boone County Superior Court II, where the September 1 citation was docketed as cause number 06D02-0703-OV-0285 and the two September 23 citations were consolidated as No. 06D02-0703-OV-286 ("Cause 286").[1]

- Following an October 10, 2007, bench trial, the trial court ruled in favor of the Town of Thorntown as to cause 06D02-0703-OV-285, which involved the rank vegetation and building materials. Thorntown then moved to dismiss Cause 286. Showalter did not object and the motion to dismiss was granted without prejudice.

## II. Discussion

On September 24, 2008, Showalter filed this action pursuant to 42 U.S.C. § 1983, claiming that by prosecuting him for the two nuisance citations in Cause 286, the defendants violated his rights to free speech, due process and equal treatment protected

---

[1] Showalter alleges that within a day or two after the weekend festival, he removed the toilets and moved the boat "shortly thereafter."

by the First and Fourteenth Amendments to the United States Constitution.[2]

*First Amendment Freedom of Speech*

The only action alleged to have been taken by Deputy Marshal Lewellen was his request that Showalter remove the sign because people were complaining. It is undisputed that Lewellen did not prohibit or restrain Showalter's expression of his views. Absent such a restraint, there can be no violation of Showalter's right to free speech. Defendant Lewellen is entitled to summary judgment as to the First Amendment claim asserted against him.

As to Marshal Woodard, he issued two citations alleging that the Showalter's sign and boat display endangered the public by being too close to the sidewalk and constituting a rat harborage. The citations were issued pursuant to a local ordinance prohibiting a public nuisance. Showalter was not prosecuted for either citation because both were dismissed by Thorntown. This resolution of the citations, together with the absence of any other action directing Showalter to remove his sign, show that any First Amendment issue which may have been brewing dissipated before the injury required to provide Showalter with standing for a First Amendment challenge crystallized. Thus, Marshal Woodard is also entitled to the entry of summary judgment as to Showalter's claim under the First Amendment.

*Due Process*

The citations in Cause 286 were dismissed against Showalter. By virtue of the dismissal, to which Showalter did not object, due process was provided. *Tully v. Barada,* 599 F.3d 591, 593 (7th Cir. 2010)("Tully . . . received procedural due process under the Fourteenth Amendment when the state court system vindicated him.").

*Equal Protection*

Showalter alleges that during the time legal actions were taken against him, other homes and businesses had signs displayed in their yards or had other formed fiberglass objects but were not cited for any violation of town ordinances. Showalter alleges that he was the only citizen against whom the defendants had enforced the nuisance ordinance as it related to signs and molded fiberglass objects being a rat harborage.
As to any claim based on the denial of equal protection of the laws, Showalter must present sufficient evidence to create a genuine issue for trial that he suffered purposeful

---

[2] Showalter also alleges that the defendants conspired to violate his civil rights pursuant to 42 U.S.C. §§ 1985 and 1986. To establish liability for conspiracy under 42 U.S.C.§ 1985, a plaintiff must establish: 1) a conspiracy; 2) that the purpose of the conspiracy was to deprive a person of equal protection of the laws, or to deprive a person of his privileges and immunities under the laws; 3) that an act was committed in furtherance of the conspiracy; and 4) that an injury occurred as a result. *See Griffin v. Breckenridge,* 403 U.S. 88, 102-04 (1971). Here, Showalter has presented no evidence of a conspiracy between the defendants nor of any injury. The defendants are entitled to summary judgment as to any conspiracy claim and any derivative claim pursuant to section 1986.

discrimination based on his membership in a particular class. *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982) ("[T]he Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers . . . . Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.")(citations and internal quotations omitted).

Showalter argues generally that the defendants treated him differently than they did other citizens who allegedly displayed signs or fiberglass objects. A plaintiff may state a "class of one" equal protection claim. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To establish a "class of one" claim, a plaintiff must show that "(1) [he] has intentionally been treated differently from other similarly situated [individuals] and (2) there is no rational basis for the difference in treatment or the cause of the differential treatment is a totally illegitimate animus towards [him]." *Woodruff v. Mason*, 542 F.3d 545, 554 (7th Cir. 2008)(internal quotation omitted). Showalter has presented no evidence of other similarly situated citizens. He has presented no evidence to support his claim that other citizens displayed signs containing profanity or fiberglass objects. As to the second element, moreover, it can hardly be doubted that the condition of his property as recited in the citations, along with the fact that complaints had been received, provided and constituted a rational basis for the issuance of the citations.

Showalter's equal protection claim fails because he has not established either of the necessary elements to establish such a claim. The defendants are therefore entitled to the entry of summary judgment as to Showalter's claim of an equal protection violation.

### III. Conclusion

Judgment as a matter of law is appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). That is the case here. Showalter has not identified a genuine issue of material fact as to his claims in this case, and the defendants are entitled to judgment as a matter of law. Accordingly, the motion for summary judgment filed by Town of Thorntown Marshal Jeff Woodard and Town of Thorntown Deputy Marshal Duane Lewellen (dkt 42) must be **granted**. Final judgment consistent with this Entry and the Entries of June 1, 2009, April 21, 2010, April 23, 2010, and May 6, 2010, shall now issue.

**IT IS SO ORDERED.**

Date: 12/27/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana